CONNELL (The BOB.). See Case No. 1,587.

## Case No. 3,111.

### CONNELLY'S CASE.

[2 Cranch, C. C. 415.][2]

Circuit Court, District of Columbia. Oct. Term, 1823.

DISCHARGE OF INSOLVENT DEBTOR—PRACTICE.

1. The allegation filed to deprive a debtor of the benefit of the insolvent act [2 Stat. 237] must be specific and certain.

2. The refusal of a judge to discharge a debtor, if the proceedings were irregular, is no bar to his discharge upon a subsequent application.

[1] [Reprinted by permission.]
[2] [Reported by Hon. William Cranch, Chief Judge.]

3. All the orders and proceedings must be by the judge to whom the application is made.

John Connelly applied to the Hon. J. S. Morsell, one of the judges of this court, on the 22d of November, 1823, for the benefit of the insolvent act of the 3d of March, 1803. (2 Stat. 237), and the usual notice was given for the creditors to attend on the first Monday of December, when Michael Murray, one of the creditors of the insolvent, filed allegations under the 7th section of the act, charging, 1. "That the said Connelly was refused heretofore, namely, on the first Monday in October, 1823, by his honor Judge Thruston, at the suit on ca. sa. of said Murray, the benefit of the statute for the relief of insolvent debtors upon proof that the said Connelly had given a preference to one or more of his creditors." 2. "That he hath given a preference to his creditors." 3. "That the said Connelly hath not set out in his schedule a true account of all his real and personal property." 4. "That he has lessened his right to real estate in the county of Montgomery, Maryland, by disposing of the same with the view of defrauding his creditors." 5. "That the said Connelly has not accounted in his schedule for his interest to real property that he is entitled to in the county of Montgomery, Maryland." 6. "That the said Connelly is not now entitled to the benefit of the insolvent law, having been previously refused the benefit of it upon proof before his honor Judge Thruston that he had sold his real estate, or his right to real estate, in Montgomery, Maryland, with the view of defrauding his creditors, or for the purpose of giving some one or more of them an illegal and undue preference."

Mr. Key, for debtor, objected to the five last allegations, that they were too vague, and general, and that the debtor ought not to be put to answer them. As to the first allegation, that the debtor has been denied the benefit of the act upon the former petition, he contended that the proceedings upon that petition were irregular, and that the refusal of the judge to discharge the debtor upon that petition can be no bar to his present application. That petition was addressed to the chief judge; the order for the creditors to appear on the first Monday of October, indorsed upon the petition, is signed in the name of Morsell [Circuit Judge], and Thruston [Circuit Judge] himself attended on the first Monday in October and heard the case and refused to discharge the debtor. By the insolvent act no judge has jurisdiction of the case but the judge to whom the application by petition in writing is made. Here the petition in writing was addressed to the chief judge, and no order could be lawfully made upon it but by him, or in his name; yet the order appointing the day for the debtor's discharge and for the meeting of the creditors, was made in the name of Judge Morsell; and Judge Thruston himself attended and took cognizance of the case, and refused

the discharge. Besides it does not appear that the allegations were tried either upon interrogatories, or an issue, and no judgment unless upon such a trial, can be a bar to relief under the act. The words of the law are, "and if upon the answer to the said interrogatories, or upon the trial of the issue or issues such debtor shall be found guilty," &c., "he shall be precluded from any benefit under this act." The interrogatories or the issue must be "touching the substance of the said allegations;" and the only allegations which, if true, can deprive the debtor of the benefit of the act, are 1st, "That he had, at the time of his application, conveyed, lessened, or disposed of any part of his property, rights, or credits, with intent to defraud his creditors;" or 2d, "had, within 12 months," &c., "lost by gaming more than $300;" or 3d, "had assigned or conveyed any part of his property, rights, or credits, with intent to give a preference to any creditor or creditors, or any surety." The allegations filed in that case, were only two. 1st, "That the said John Connelly has embezzled and concealed certain real estate, the property of the said Connelly, and also been guilty of fraud and perjury in the rendition of his schedule, and the oath annexed to the same;" and 2d, "that the said Connelly did give preference to one of his creditors after he considered himself insolvent." The "specification," of the first allegation is, that at the time of his making oath to his schedule he possessed real estate in Montgomery county, Maryland, of the value of $400, not included in his schedule; and the "specification" of the second allegation is, that on or about the 4th of October instant. and subsequently to his application for the benefit of the act, and the filing of his petition and schedule, the said Connelly did convey the Montgomery land to Michael Connelly, one of his creditors, and his near relative, in satisfaction of the debt which he owed him; thereby giving a preference to one of his creditors over the others.

The absolute payment of a debt due to one of the creditors of an insolvent, has never been understood as being such an assignment of property with intent to give preference to a creditor or surety, as is prohibited by the act; so that neither of the two allegations, if proved, was sufficient, in law, to deprive the debtor of its benefit.

Fleet Smith, for creditor, however, still contended that the decision of the judge, that the debtor was not entitled to his discharge, was conclusive, and forever barred him from the benefit of the act.

But THE COURT was of opinion that the five last allegations now filed were too vague and immaterial to deprive the debtor of the benefit of the act, if proved, and that the judgment of the judge who refused to discharge him was not a conclusive bar to his present application for relief.